IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARITY TERESA MARSHALL<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-cv-01089-E (BT) |
| | § | |
| EARESTEW & YOUNG, et al.,<br>Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Charity Teresa Marshall filed a complaint against "Earestew and Young," an accounting firm; Union Bank; Progressive Insurance Company; and Wells Fargo Bank, N.A. Compl. at 2 (ECF No. 3). Plaintiff appears to allege that Defendants kidnapped her and denied her access to property that she owns. *Id*. at 4. She seeks an order from this Court to "turn the property over to its owner." *Id*.

But, as explained below, Plaintiff fails to establish that this Court has subject matter jurisdiction over her Complaint. So the District Judge should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Legal Standards**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

But even if there is a claim under the Constitution or federal statutes, the Supreme Court has stated that such suits should be dismissed for want of jurisdiction where the alleged claim "is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). "Moreover, a

court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is 'patently insubstantial, presenting no federal question suitable for decision.'" *Isom v. United States Dep't of Homeland Sec.*, 2021 WL 2232052, at *1-2 (E.D. Tex. Apr. 28, 2021), *rec. accepted* 2021 WL 2224345 (E.D. Tex. June 2, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting, in turn, *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful allegations." *Vasaturo*, 203 F. Supp. 3d at 44.

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party

asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" *Burciaga,* 871 F.3d at 384 n.4; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

## Analysis

Even construing Plaintiff's Complaint liberally, she fails to establish this Court's jurisdiction. When asked to explain the basis for this Court's jurisdiction in the Complaint, she checked the federal question jurisdiction box. Compl. at 3. But she failed, despite opportunity, to list any federal statute, treaty, and/or

4

provision to the United States Constitution that is at issue, and none is apparent to the Court. *Id.* Similarly, on the Civil Cover Sheet, Plaintiff checked every nature of suit box, including some that imply federal causes of action. *Id.* at 6. But simply checking a box on the Civil Cover Sheet does not establish federal jurisdiction without underlying facts in support of the claim, which Plaintiff does not provide here. *See Hammons v. Tradeline Motorcars,* 2025 WL 2735644, at *2 (N.D. Tex. Aug. 25, 2025) ("Further, although Hammons makes generalized references to, and checked the box on her Civil Cover Sheet for, the Truth in Lending Act, such passing references and simply checking a box on a civil cover sheet, absent supporting factual allegations, are insufficient to invoke the Court's federal question jurisdiction.") (collecting cases) (McKay, J.), *rec. accepted* 2025 WL 2734215 (N.D. Tex. Sep. 25, 2025) (Boyle, J.).

At bottom, even construing Plaintiff's Complaint most liberally, there is no reason to infer that federal law creates her causes of action, *Merrell Dow Pharms. Inc.,* 478 U.S. at 808, or that her case involves a state-law claim that raises a substantial and disputed federal issue that the Court must decide to resolve the claim. *See Singh v. Duane Morris LLP,* 538 F.3d 334, 338 (5th Cir. 2008). Plaintiff fails to establish federal question jurisdiction.

Nor does Plaintiff establish diversity jurisdiction, as she fails to explicitly allege complete diversity of citizenship among the parties. And there is no basis from Plaintiff's Complaint to infer diversity jurisdiction.

In sum, this Court lacks subject matter jurisdiction over Plaintiff's case, and it should be dismissed without prejudice.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As shown above, Plaintiff has not established subject matter jurisdiction. But the 14-day statutory objection period (explained below) will allow Plaintiff—now apprised of a deficiency in her Complaint—the chance to proffer facts, if any, that can cure the jurisdictional deficiencies and thereby allege her best case.

## Recommendation

The District Judge should dismiss this action without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED

April 10, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).